IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD BRINKMAN,

    Plaintiff,                    No. CIV S-06-0673 LKK DAD P

    vs.

WARDEN, et al.,                ORDER AND

    Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff has also filed an incomplete application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.[1]

        The district court is required to screen every complaint brought by a prisoner seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A. The court must dismiss a complaint if the prisoner has raised claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28

---

[1] The certificate section of the application form has not been completed by an authorized officer at plaintiff's institution of incarceration, and the application does not include a certified copy of plaintiff's prison trust account statement for the six month period immediately preceding the filing of his complaint. See 28 U.S.C. § 1915(a)(2).

1

U.S.C. § 1915(e)(2) (requiring the district court to dismiss a case in which the plaintiff seeks to proceed in forma pauperis, if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant immune from such relief).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim has an arguable legal and factual basis. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint may be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the complaint that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court accepts as true the allegations of the complaint. See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976). The court also construes the pleading in the light most favorable to the plaintiff and resolves doubts in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires an actual connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to

perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

The plaintiff in this case is confined in a state prison in Solano County. The caption of plaintiff's complaint identifies the defendants as the warden and correctional guards. On the third page of the form complaint, plaintiff identifies the defendants as the warden of Solano State Prison and M. Bloise, R. Clark, F. Spears, R. Wesolowski, R. Magee, and G. Tygart. Plaintiff alleges that he was attacked and injured by the defendants acting in concert with inmates. Plaintiff does not indicate the date of the incident or describe the circumstances that preceded the assault. Plaintiff seeks monetary damages.

Plaintiff alleges that there is an administrative remedy process available at his institution, that he filed a grievance concerning the facts contained in his complaint, and that the grievance process was not yet complete when he brought this action. Plaintiff states that he is waiting for the third level response, "which could take up to a year."

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). A remedy is available for purposes of § 1997e(a) as long as the administrative process has authority to take some action in response to the prisoner's grievance, even if the action that might be taken is not the remedial action sought by the prisoner. Id. at 736. Courts may not read futility or other exceptions into the statutory exhaustion requirement of the PLRA. Id. at 741 n.6.

A prisoner's concession to nonexhaustion is a valid ground for dismissal of an action. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003); McKinney v. Carey, 311 F.3d 1198, 1200-01 (9th Cir. 2002) (per curiam). If the court concludes that the prisoner has not exhausted administrative remedies, "the proper remedy is dismissal of the claim without prejudice." 315 F.3d at 1120.

In the present case, plaintiff's complaint contains a concession to nonexhaustion. This case should be dismissed without prejudice to the filing of a new civil rights action after the grievance process has been completed. Plaintiff is informed that a new action brought after exhaustion is complete should not bear the case number assigned to this action and should be accompanied by a properly completed application to proceed in forma pauperis.

Accordingly, IT IS HEREBY ORDERED that plaintiff's March 29, 2006 application to proceed in forma pauperis is denied; and

IT IS RECOMMENDED that this action be dismissed without prejudice for failure to exhaust available administrative remedies before bringing the action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 5, 2006.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
brin0673.efr